FROW *v.* DE LA VEGA.

1. A final decree on the merits cannot be made separately against one of several defendants upon a joint charge against all, where the case is still pending as to the others.

2. If one of several defendants to a bill making a joint charge of conspiracy and fraud, make default, his default and a formal decree *pro confesso* may be entered, but no final decree on the merits until the case is disposed of with regard to the other defendants. The defaulting defendant is simply out of court and can take no farther part in the cause.

3. If the bill in such case be dismissed on the merits, it will be dismissed as to the defendant in default, as well as the others.

APPEAL from the Circuit Court for the Western District of Texas; the case being thus:

De La Vega filed a bill in the court below against Frow

and thirteen other defendants, charging eight of them (including Frow) with a *joint* conspiracy to defraud him, the complainant, out of a large tract of land in Texas, by the use of a forged power of attorney purporting to be executed by the complainant, and by various conveyances and mesne conveyances, deraigning a false and fraudulent title from him. The defendants, other than Frow, all put in answers to the bill on the merits; but Frow's answer having been delayed (as he insisted, by misunderstanding, sickness, and other accidents), a decree *pro confesso* was taken against him at September Rules, 1868; and notwithstanding he afterwards prepared his answer and asked leave to file it (being in substance the same as the answers of the other defendants), yet the court afterwards, on the 23d of March, 1870, on application of the complainant, and against the protestation of Frow, made a final decree absolute against him, adjudging the title of the land to be in the complainant, and awarding to him a perpetual injunction as against the appellant. From this decree the present appeal was taken. After this final decree against the appellant, the court proceeded to try the issues made by the answers of the other defendants, and decided the merits of the cause adversely to the complainant and dismissed his bill. This fact was made to appear by the return to a certiorari sued out by De La Vega himself.

The question now was, whether the court in such a case as that mentioned could lawfully make a final decree against one defendant separately, on the merits, whilst the cause was proceeding undetermined against the others.

*Mr. P. Phillips, for the appellant,* argued that it was improper to have granted the prayer against a single defendant whose interests were all bound up with those of the other defendants.

*Mr. T. J. Durant, contra,* insisted that everything done had been done in accordance with the 18th Rule in Equity, prescribed by this court.

Mr. Justice BRADLEY delivered the opinion of the court.

If the court in such a case as this can lawfully make a final decree against one defendant separately, on the merits, while the cause was proceeding undetermined against the others, then this absurdity might follow: there might be one decree of the court sustaining the charge of joint fraud committed by the defendants; and another decree disaffirming the said charge, and declaring it to be entirely unfounded, and dismissing the complainant's bill. And such an incongruity, it seems, did actually occur in this case. Such a state of things is unseemly and absurd, as well as unauthorized by law.

The true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a formal decree *pro confesso* against him, and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal. This was so expressly decided by the New York Court of Errors, in the case of *Clason* v. *Morris.*\* Spencer, J., says: "It would be unreasonable to hold, that because one defendant had made default, the plaintiff should have a decree even against him, where the court is satisfied from the proofs offered by the other, that in fact the plaintiff is not entitled to a decree."†

Irregularities, if any occurred in the proceedings after

---

\* 10 Johnson, 524.

† See 1 Hoffman's Chancery Practice, 554.

the decree complained of, are not now before us for adjudication.

DECREE REVERSED with costs, and the cause remanded for further proceedings,

IN CONFORMITY WITH THIS OPINION.