**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff,**

v.

**Kenneth R. JACKSON and Melva Grunden, Defendant.**

**Cause No. IP–87–588–C.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

April 25, 1990.

Theodore J. Blanford, Young, Cochran & Reese, Indianapolis, Ind., for plaintiff.

Russell A. Johnson, Jones Loveall Johnson & Bailey, Franklin, Ind., for defendant Melva Grunden.

Rick D. Meils, Joseph P. Maguire, Meils, Zink, Thompson, Dietz and Bola, Indianapolis, Ind., for defendants Amerisure and Melva Grunden.

## ENTRY

BARKER, District Judge.

On December 27, 1985, the paths of the defendants, Kenneth R. Jackson and Melva Grunden, crossed, or more appropriately, collided. On that date, Mr. Jackson drove a 1976 Oldsmobile into a car in which Ms. Grunden was a passenger, causing Ms. Grunden to be injured. The car being driven by Mr. Jackson at the time was owned by Joe Martinez, the father of his roommate Michael Martinez. Prior to the accident, Joe Martinez purchased an insurance policy from the plaintiff, State Farm Mutual Automobile Insurance Company ("State Farm"), which was in effect on that fateful day. The policy explicitly extended coverage to people who drove the car with permission of Joe Martinez or his spouse.

On January 27, 1986, Melva Grunden filed a lawsuit in the Johnson County Circuit court against Mr. Jackson and Michael Martinez to recover damages for injuries she sustained as a result of the accident. Although State Farm denied that Mr. Jackson was covered under Joe Martinez's poli-

cy as a permittee, it nevertheless provided a defense for Mr. Jackson in the state court action.

In order to reserve its rights to contest coverage, State Farm filed this declaratory judgment action on June 2, 1987 against Mr. Jackson as the alleged insured and Ms. Grunden as the injured party. In its complaint, State Farm alleged that because Mr. Jackson was not a permissive user of the car, State Farm had no duty to defend or indemnify Mr. Jackson in the state court proceeding. Both Ms. Grunden and Mr. Jackson were served with a copy of the complaint which Ms. Grunden answered in a timely fashion. Mr. Jackson, however, failed to answer the complaint and pursuant to the plaintiff's request, the clerk of the this court made an entry of default against Mr. Jackson on December 18, 1987 for failure to appear and/or answer the plaintiff's complaint. On December 30, 1987, the court entered a default judgment against Mr. Jackson.

After the court entered a default judgment against Mr. Jackson, State Farm moved for summary judgment on August 11, 1988 against Melva Grunden, alleging that the default judgment entered against Mr. Jackson caused the allegations of the complaint to be deemed admitted and that such admissions establish as a matter of law that State Farm had no duty to provide insurance coverage to Mr. Jackson as a result of his non-permissive use of the Oldsmobile. According to State Farm, the default judgment against Mr. Jackson causes the declaratory action against Grunden to be moot. Ms. Grunden failed to respond to the motion within the allotted time period, so, on September 12, 1988, the court ordered her to show cause on or before September 26, 1988, why the State Farm's motion should not be granted. On October 18, 1988, Amerisure Insurance Company ("Amerisure") filed a motion to intervene and a "motion to set aside summary judgment." In its motion, Amerisure stated that it provided uninsured motorist coverage for Ms. Grunden and requested

the court to allow it to intervene and argue the motion on behalf of Ms. Grunden. The court granted the motion on October 20, 1988 and allowed Amerisure thirty days to file a response to the motion for summary judgment. Amerisure responded on November 18, 1988, to which the plaintiff replied on December 12, 1988.

Meanwhile, Mr. Jackson did not fare so well in the state court proceeding. Despite the assistance offered by State Farm, Mr. Jackson was unsuccessful in his defense of Ms. Grunden's claim, and on December 2, 1988, the court entered judgment against Mr. Jackson in the amount of fifty thousand dollars ($50,000).[1] After the state court judgment was entered, Amerisure filed a supplemental response on January 24, 1989, to which State Farm responded on February 2, 1989. Ms. Grunden joined in the January response and requested that she also be joined in Amerisure's earlier response.

On February 7, 1990 this court held oral arguments on the motion for summary judgment. Having considered the arguments raised by the parties in their briefs and at the hearing, the court hereby DENIES the plaintiff's motion for summary judgment for the reasons set forth below.

*Memorandum*

■ In support of its motion for summary judgment, State Farm originally argued that Amerisure does not have standing to intervene in this action. However, at the hearing conducted on February 7, 1990, State Farm conceded that Amerisure does indeed have standing to intervene. State Farm argued instead that both Ms. Grunden and Amerisure are estopped from defending against the motion because Ms. Grunden repeatedly failed to respond to the motion *in a timely fashion despite being* ordered by the court to do so. State Farm argued that as the intervenor whose rights are derivative of Ms. Grunden's rights, Am-

---

**1.** Mr. Jackson's co-defendant, Michael Martinez, was dismissed from the state court action on    October 31, 1987.

erisure is likewise barred from objecting to the plaintiff's motion.

Although State Farm correctly defines the rights of Amerisure as intervenor, its argument that both Amerisure and Ms. Grunden should be forbidden to respond is unpersuasive. In the exercise of its discretion, the court finds that the defendants' delay in filing a response was not unreasonable in view of the circumstances of the case. Thus, Amerisure and Ms. Grunden are not precluded from asserting a defense to the motion.

■ State Farm's argument that Ms. Grunden and Amerisure are bound by the default judgment entered against Mr. Jackson is also unconvincing. Contrary to State Farm's assertion, the rights of Ms. Grunden as the injured third party are not derivative of the rights of the defaulter, Mr. Jackson. Rather, in a declaratory action such as this, an actual controversy exists between State Farm and Ms. Grunden, despite the fact that she is not a party to the insurance contract. *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941); *Hawkeye–Security Ins. Co. v. Schulte*, 302 F.2d 174 (7th Cir.1962); *Federal Kemper Ins. Co. v. Rauscher*, 807 F.2d 345 (3d Cir.1986). As a proper party to the action, Ms. Grunden cannot be denied the right to actually participate in the controversy. *Hawkeye–Security*, 302 F.2d at 177. Moreover, the entry of default against Mr. Jackson does not determine the rights of Ms. Grunden, *United States v. Borchardt*, 470 F.2d 257, 260 (7th Cir.1972), nor does it preclude Ms. Grunden from fully litigating all of the issues and defenses. *Hawkeye–Security*, 302 F.2d at 177. *See also The Mary*, 9 Cranch (13 U.S.) 126, 142–43, 3 L.Ed. 678 (1815) ("In the same cause, a fact, not controverted by one party, who does not appear, and therefore as to him taken for confessed, ought not, on that implied admission, to be brought to bear upon another who does appear, does controvert, and does disprove it.")

The facts in *Hawkeye–Security* are quite similar to the case at bar and merit brief discussion. Following a car accident involving a DeSoto owned by the insured and the injured party, the Hawkeye–Security Insurance Company brought a declaratory judgment action against the insured, his son who was driving the car at the time of the accident and the injured party. Hawkeye–Security sought a ruling that its policy did not cover the insured's son. After the insured and his son failed to answer the complaint, the district court entered a default judgment against them. It also concluded that since the injured party was only a nominal party to the action and the merits of the complaint were decided on the default of the other two defendants, the injured party was bound by the default judgment and was not entitled to relief.

Recognizing that an actual controversy existed between injured party and the insurance company, the Seventh Circuit reversed the district court's ruling. In rejecting the argument that the default of the insured established the allegations of the complaint as true, the court stated, "This argument assumes that ... [the insured and his son] were the only parties entitled to contest the allegations of the complaint. Since ... [the injured party] was a proper party, the default of these two defendants may not preclude ... [the injured party's] right in this respect." *Id.* at 177.

■ Like the injured party in *Hawkeye–Security*, Ms. Grunden is entitled to contest the allegations of the complaint. To prohibit her from challenging the complaint would render meaningless her right to fully participate in the controversy. Indeed, in a case such as this where it is the injured party rather than the alleged insured who stands to lose the most from an adverse ruling, it would be unfair to cut off the rights of the injured party as a result of the insured's dilatoriness. Admitting the allegations of the complaint as true with regard to the injured party would have the practical effect of binding the party with the most incentive to litigate to the actions of the party with the least incentive to participate. Clearly, the rationale behind Rule 55, Fed.R.Civ.P., which provides for the entry of default judgments, does not contemplate such results. Nor will the

court permit such an outcome. Thus, in order to allow Ms. Grunden and Amerisure to fully participate in the controversy, they must be allowed to adduce evidence to controvert the allegations of the complaint. This includes presentation of statements of Mr. Jackson and Allison Clark, Mr. Jackson's girlfriend. State Farm's objection to the use of certain deposition testimony of Mr. Jackson which was given in a prior proceeding is unavailing since State Farm was involved in the prior proceeding and had the opportunity to question Mr. Jackson, who State Farm was representing at the time.

Even if the testimony of Mr. Jackson were not considered, the parties agree that if Ms. Grunden and Amerisure are not bound by the default judgment and the allegations of the complaint, a genuine issue of material fact exists as to whether Mr. Jackson was a permissive user under the insurance policy. Because genuine issues of material fact exist, summary judgment is improper. Accordingly, summary judgment is hereby DENIED.

■ As a final note, it is necessary to address an issue that was raised at the hearing but was not briefed by the parties. At the hearing the parties acknowledged the potential for inconsistent judgments if summary judgment were denied and Ms. Grunden and Amerisure ultimately prevailed on the merits. Courts have recognized that if an entry of a default judgment against a defendant in a multi-defendant action could result in inconsistent judgments, entry of a default judgment prior to adjudication of the merits of the case with regard to the nondefaulting defendants may be improper. *Marshall & Ilsley Trust Co. v. Pate,* 819 F.2d 806 (7th Cir.1987); *In*

*re Uranium Antitrust Litigation,* 617 F.2d 1248 (7th Cir.1980). First announced by the United States Supreme Court in *Frow v. De la Vega,* 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872),[2] this restriction on inconsistent judgments has been narrowly construed by the Seventh Circuit and applies only when the theory of recovery is one of joint liability or when the nature of the relief is such that is necessary that judgments against the defendants be consistent. *See Pate,* 819 F.2d at 812; *In re Uranium Antitrust Litigation,* 617 F.2d at 1257–58. *See also* 6 *Moore's Federal Practice* ¶ 55.06 (1988); 10 Wright & Miller, *Federal Practice and Procedure,* § 2690 (Supp.1990).

Because of the nature of relief sought in this case, there is the potential for logically inconsistent judgments. For example, if Ms. Grunden and Amerisure prevail on the merits, there will be a ruling that State Farm has a duty to indemnify Mr. Jackson and, therefore, is liable for the judgment rendered against Mr. Jackson in state court. On the other hand, with regard to Mr. Jackson, the default judgment has the effect of declaring that State Farm holds no legal duty to Mr. Jackson pursuant to the insurance policy. Clearly, such results would be illogical. Therefore, to prevent this potential outcome, the court vacates its default judgment entered against Mr. Jackson; however, the clerk's entry of default stands. State Farm is not prejudiced by this action because Mr. Jackson has never regained standing nor may he adduce evidence on his own behalf or defend himself at trial. Moreover, the court's entry of default judgment was not final under Rule 54(b), Fed.R.Civ.P., and is therefore subject to revision by this court at any time. Thus,

---

2. In *Frow,* the plaintiff charged eight defendants with conspiring to deprive him of a piece of real property. The court entered a pretrial default judgment against Frow, a defendant who failed to appear. The court then proceeded to decide the merits of the case in favor of the nondefaulting defendants and to clear title to the land in question. The Supreme Court reversed the default judgment against Frow stating:

> The question is, whether the court, in such case as this, could lawfully make a final decree against one defendant whilst the cause

was proceeding undetermined against the others. If it could be done, then this absurdity might follow: there might be one decree of the court sustaining the charge of joint fraud committed by the defendants, and another decree disaffirming the said charge, declaring it to be entirely unfounded and dismissing the complainant's bill. And such an incongruity, it seems, did actually occur in this case.... Such a state of things is unseemly and absurd, as well as unauthorized by law.

82 U.S. (15 Wall.) at 554, 21 L.Ed. 60.

in an exercise of its discretion, the court sets aside its default judgment at this juncture and postpones a final ruling until the merits of the case have been adjudicated as to all defendants.

### Conclusion

The court finds that Melva Grunden and Amerisure are not bound by the default of Mr. Jackson. Because Ms. Grunden, and therefore Amerisure, have the right to contest the allegations of the complaint and have presented evidence that raises a genuine issue of material fact as to whether Mr. Jackson was a permissive user of the car owned by Joe Martinez and insured by State Farm, summary judgment is improper. Accordingly, summary judgment is DENIED. In addition, the court's entry of default judgment is VACATED. The clerk's entry of default stands.

It is so ORDERED.