**TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST, et al., Plaintiffs,**

v.

**DESERT VALLEY LANDSCAPE & MAINTENANCE, INC., et al., Defendants.**

**No. CV–S–98–1246–PMP(RJJ).**

United States District Court, D. Nevada.

June 28, 2001.

Andrew Brignone, Adam Segal, Las Vegas, NV, for Construction Industry Pension, Construction Industry/Laborers Joint, Construction Industry/Laborers Vacati, Plaintiffs.

Mark Kulla, Desert Valley Landscape, Theodore Parker, Edward Lubbers, Randal Shimon, Mark Kulla, Rich Manuli, Jr., Eric Abbott, Theodore Parker, Las Vegas, NV, for Desert Valley Landscape, Hartford Accident & Indemnity Co., Las Vegas Paving Corp., M & H Enterprises, Inc., Manuli, Kimberlie, Manuli, Rich Jr., Martin Harris Construction, Richardson Construction, Inc., Defendants.

*ORDER*

PRO, District Judge.

## I.  INTRODUCTION

Presently before this Court is a Motion for Partial Summary Judgment Regarding

Damages Amount (Doc. # 126) filed on April 30, 2001, by Plaintiffs Trustees of the Construction Industry and Laborers Health and Welfare Trust, et al. ("Trustees") against Defendant Richardson Construction, Inc. ("Richardson"). Richardson filed an Opposition to Motion for Partial Summary Judgment Regarding Damages Amount (Doc. # 132) on May 17, 2001. Trustees filed a Reply in Support of Partial Summary Judgment Regarding Damages Amount (Doc. # 135) on May 31, 2001.

## II. FACTUAL BACKGROUND

Richardson is a general contractor in the construction industry. In this case, Richardson employed Rich Manuli d.b.a. Desert Valley ("Desert Valley") as a subcontractor. On March 27, 2001, this Court granted an Application for Default Judgment against Desert Valley for failure to make required employee benefit contributions. (Doc. # 103). In the Order, the Court held that Desert Valley was liable to Trustees in the amount of $130,532.59 for employee benefit contributions that were not made by Desert Valley. *Id.* Trustees have filed a Motion for Partial Summary Judgment against Richardson, contending that a contractor is liable for the failure of a subcontractor to pay employee benefit contributions under Nev.Rev.Stat. § 608.150(1). (Plaintiffs Motion for Partial Summary Judgment at 3).

## III. LEGAL STANDARD FOR MOTION FOR SUMMARY JUDGMENT

A motion for summary judgment is a procedure which terminates, without a trial, actions in which "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A summary judgment motion may be made in reliance on the "pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any." *Id.*

The United States Supreme Court delineated Rule 56 in a trilogy of opinions rendered in 1986. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). According to the Court, the movant is entitled to summary judgment if the non-moving party, who bears the burden of persuasion, fails to designate " 'specific facts showing that there is a genuine issue for trial.' " *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. 2548 (quoting Fed.R.Civ.P. 56(e)). In order to preclude a grant of summary judgment, the non-moving party must do more than show that there is some "metaphysical doubt" as to the material facts. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, 106 S.Ct. 1348. Rather, the non-moving party must set forth " 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 587, 106 S.Ct. 1348 (quoting Fed.R.Civ.P. 56(e)). The substantive law defines which facts are material. *Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. 2505.

The court views all underlying facts in the light most favorable to the non-movant party. *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1378 (9th Cir.1998) (citing *Matsushita Elec. Indus. Co.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).

Although the non-moving party has the burden of persuasion, the party moving for summary judgment has the initial burden of showing the absence of a genuine issue of material fact. *Metro Indus., Inc. v. Sammi Corp.*, 82 F.3d 839, 847 (9th Cir. 1996). That burden is met by showing an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325, 106 S.Ct. 2548. The burden then shifts to the respondent to set forth

specific facts demonstrating that there is a genuine issue for trial. *Liberty Lobby,* 477 U.S. at 250, 106 S.Ct. 2505. In meeting this burden, parties seeking to defeat summary judgment cannot rest upon allegations of denials of pleadings, but must demonstrate a genuine issue for trial. *Brinson v. Linda Rose Joint Venture,* 53 F.3d 1044, 1049 (9th Cir.1995). Under Rule 56(e), the adverse party must allege specific facts supported by affidavit that raise triable issues. *Id.* Affidavits that do not affirmatively demonstrate personal knowledge are insufficient. *Keenan v. Allan,* 91 F.3d 1275, 1278 (9th Cir.1996).

## IV. DISCUSSION

Nev.Rev.Stat. § 608.150(1) states that:

Every original contractor making or taking any contract in this state for the erection, construction, alteration, or repair of any building or structure, or other work, shall assume and is liable for the indebtedness for labor incurred by any subcontractor or any contractors acting under, by or for the original contractor in performing any labor, construction, or other work included in the original contract. . . .

The Nevada Supreme Court has interpreted the phrase "indebtedness for labor" in § 608.150(1) to include employer contributions provided for under collective bargaining agreements. *Tobler & Oliver Constr. Co. v. Board of Trustees,* 84 Nev. 438, 442 P.2d 904, 907 (1968). Trustees contend that a default judgment against a subcontractor therefore has an identical legal impact upon the general contractor as it does upon the subcontractor. *Trustees of the Bricklayers Local No. 3 v. Reeco,* 747 F.Supp. 606, 613 (D.Nev.1990). Thus, Trustees claim that they are entitled to partial summary judgment against Richardson as a result of the default judgment against its subcontractor, Desert Valley. (Motion for Partial Summary Judgment at 4).

In its Opposition to Plaintiff's Motion for Partial Summary Judgment, Richardson offers several reasons why Trustees' Motion should be denied. (Opposition at 2). First, that Trustees have improperly cited relevant case authority and their Motion is improperly pled under Fed.R.Civ.P. 7(b)(1). Rule 7(b)(1) addresses the form of pleadings before the court, not matters of interpretation of case authority. Even if the Rule could be extended to the limits proposed by Richardson, the interpretations of *Tobler* and *Reeco* offered by Trustees are valid and persuasive. *Id.* at 3.

Second, Richardson states that, according to *Frow v. De La Vega,* 15 Wall. 552, 82 U.S. 552, 554, 21 L.Ed. 60 (1872), the default judgment against Desert Valley cannot be applied against Richardson because, when a joint claim is made against several defendants, the only effect of a defendant's failure to appear is the defaulting defendant's waiver of standing to appear in the case. *Id.* at 4. However, *Frow* involved a joint claim; here, the original claim is against Desert Valley and Richardson is merely responsible for the loss by virtue of its business relationship with Desert Valley. Trustees do not assert that if Desert Valley is liable, then Richardson must be similarly liable. Instead, Trustees base their claim against Richardson on Nev.Rev.Stat. § 608.150(1), which states that a contractor is liable for the labor indebtedness of its subcontractors. Thus, *Frow* is inapplicable to this case.

Third, Richardson further contends that its right to a jury trial regarding the calculation of damages has been violated because they did not receive notice of the meaning and potential application of Nev. Rev.Stat. § 608.150(1). This statute predates *Tobler,* which was decided in 1968 and clearly established that contractors are liable for subcontractors who fail to properly make employee benefit contributions. Thus, Richardson's claim that they

lacked notice of the ramifications of the statute is erroneous.

The proper time for Richardson to have asserted its jury trial right would have been as an intervener in the action against Desert Valley, not after damages had already been assessed. *In re Schimmels,* 127 F.3d 875, 885 (1997). Any other interpretation would offer contractors two bites at the apple by allowing them to accept the default judgment against the subcontractor if the result was satisfactory or, in the alternative, allowing them to dispute the damages amount at a later proceeding.

## V. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiffs' Trustees of the Construction Industry and Laborers Health and Welfare Trust, et al. Motion for Partial Summary Judgment Regarding Damages Amount (Doc. # 126) is GRANTED.