# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1902

_____

| | | |
|---|---|---|
| United States ex rel. Pat Costner; | * | |
| Sharon Golgan; Carolyn Lance; | * | |
| Debra Litchfield; Becky Summers; | * | |
| Kenny Brown; Edward Campbell; | * | |
| Don Daniel; Jeffrey Foot; David | * | |
| Hermanson; Arkansas Peace Center; | * | |
| Vietnam Veterans of America, | * | |
| Arkansas State Council, Inc., | * | Appeal from the United States |
| | * | District Court for the |
| Plaintiffs/Appellants, | * | Eastern District of Arkansas. |
| | * | [UNPUBLISHED] |
| v. | * | |
| | * | |
| United States of America, | * | |
| | * | |
| Movant, | * | |
| | * | |
| URS Consultants, Inc.; Morrison | * | |
| Knudsen Corporation; MRK | * | |
| Incineration, Inc.;  Vertac Site | * | |
| Contractors, | * | |
| | * | |
| Defendants/Appellees. | * | |

_____

Submitted:  November 4, 2002

Filed:  January 28, 2003

_____

Before WOLLMAN, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

The plaintiffs appeal the district court's[1] denial of their motion to enter a default judgment against MRK Incineration, Inc. (MRK). We affirm.

MRK and Morrison Knudson Corp. (MK) entered into a joint venture named Vertac Site Contractors (Vertac). The purpose of the joint venture was to incinerate toxic waste at an Arkansas Superfund site. The plaintiffs, as relators, sued URS Consultants, Inc. (URS), MRK, MK, and Vertac under the False Claims Act for allegedly failing to disclose to the EPA information material to their requests for payment under the incineration contract. MRK did not answer the complaint or otherwise defend against the suit.

Relying on Frow v. De La Vega, 82 U.S. 552 (1872), the district court refused to enter a default judgment against MRK after the other defendants prevailed at trial. In Frow, several defendants were accused of a joint conspiracy to deprive the plaintiff of his land. Id. at 552-53. After trial, the defendants who appeared and defended the suit were all found not liable. Id. at 553. Default judgment was entered against Frow, who had failed to appear and defend the charge. Id. The Supreme Court held that the district court's issuance of inconsistent verdicts between jointly liable defendants was "incongruous and illegal." Id. at 554.

The plaintiffs attempt to distinguish Frow on the grounds that liability under the False Claims Act is joint and several, and not merely joint as in Frow. The case law, however, does not support this distinction. The principle on which Frow relies is that logically inconsistent verdicts should be avoided. Although joint liability is

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

one circumstance in which such inconsistency may arise, it is not the only one.  In Bastien v. Rowland & Co., 631 F. Supp. 1554, 1561 (E.D. Mo. 1986), 815 F.2d 713 (8th Cir. 1987), we affirmed without opinion a district court order denying a motion for default judgment because entry of default would have created an "inconsistent and unsupportable" result.  The Third Circuit has also confirmed the continuing validity of Frow:

> [W]e believe that Frow stands for the proposition that if at trial facts are proved that exonerate certain defendants and that as a matter of logic preclude the liability of another defendant, the plaintiff should be collaterally estopped from obtaining a judgment against the latter defendants, even though it failed to participate in the proceeding in which the exculpatory facts were proved.

Farzetta v. Turner & Newall, Ltd., 797 F.2d 151, 154 (3rd Cir. 1986).  The leading treatise is in accord with this view:  "Although the rule developed in the Frow case applies when the liability is joint and several, it probably can be extended to situations in which several defendants have closely related defenses."  10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2690 (1998).

The district court granted summary judgment in favor of the defendants on all but two of the plaintiffs' claims.  The two remaining claims alleged that the defendants committed fraud by tampering with a PT-125 kiln draft monitor.  After trial, the district court found in favor of VSC, MK, and URS on these claims as well.  The plaintiffs' damages are based upon claims for payment submitted to the EPA by URS and VSC.  Because the plaintiffs did not allege that MRK submitted any separate claims to the government, a verdict against MRK cannot be reconciled with the verdict in favor of its joint venture partner, MK.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.