**RAMADA FRANCHISE SYSTEMS, INC., Plaintiff,**

v.

**BARODA ENTERPRISES, LLC, et al., Defendants.**

**No. 3:03 CV 7665.**

United States District Court,
N.D. Ohio,
Western Division.

Feb. 25, 2004.

Eric B. Levasseur, Hahn, Loeser & Parks, Rose Marie Fiore, Hahn, Loeser & Parks, Steven A. Goldfarb, Hahn, Loeser & Parks, Cleveland, OH, for Plaintiff.

Richard M. Kerger, Kerger & Kerger, Toledo, OH, Richard S. Mitchell, Roetzel & Andress, Cleveland, OH, for Defendants.

## ORDER

CARR, District Judge.

This is a diversity suit for money damages which defendants allegedly owe plaintiff for breach of franchise licensing agreements, and failure to pay notes and guarantees. Pending is plaintiff's motion for entry of default judgment.

On December 9, 2003, plaintiff filed a "Motion for Entry of Default Against Defendants Baroda Enterprises, LLC, Arun Patel, and Bharat Parmar" pursuant to Fed.R.Civ.P. 55(a). Attached to the motion was an affidavit and return of service receipts showing plaintiff had served these defendants with the complaint and summons by certified mail. It is not disputed that defendants, despite being properly served notice of process in accordance with Fed.R.Civ.P. 4, failed timely to appear, plead, or otherwise defend.

Defendants Kanti Shah, Debra Shah, Daksha Patel, and Vinit Mody filed responses to plaintiff's motion for default. On January 12, 2004, plaintiff filed a reply in support of its "Motion for Entry of Default Judgment."

An entry of default and a default judgment are distinct events that require separate treatment. *United States v. Topeka Livestock Auction, Inc.*, 392 F.Supp. 944, 950 (N.D.Ind.1975). Rule 55 of the Federal Rules of Civil Procedure governs both entry of defaults and default judgments. Rule

55(a), pertaining to entries of default, provides that: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

▆ No default has been entered in this case because plaintiff did not first file an application with the Clerk for entry of default. Rather, on December 9, 2003, plaintiff filed a "Motion for Entry of Default Against Defendants Baroda Enterprises, LLC, Arun Patel and Bharat Parmar." Plaintiff should have filed an application with the Clerk, rather that a motion to the court, requesting an entry of default. By filing a "motion," plaintiff invited defendants' response to the "motion." That response contested the propriety of a default judgment rather than just entry of default.

Nonetheless, plaintiff's motion was accompanied by an affidavit and exhibits that sufficiently demonstrate the above-named defendants' failure to plead or otherwise defend after being properly served with the complaint and summons. Therefore, I will direct the Clerk to enter a default against defendants Baroda Enterprises, LLC, Arun Patel and Bharat Parmar, pursuant to Rule 55(a).

▆ "Entry of a default," as noted in *Systems Indus., Inc. v. Han*, 105 F.R.D. 72, 74 (E.D.Pa.1985), "is a prerequisite to entry of a default judgment under Rule 55(b)." Rule 55(b)(1), pertaining to default judgments, provides:

> When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

At issue is whether plaintiff's claim against defendants is for a "sum certain." In *United States v. Manos*, 56 F.R.D. 655, 657 (S.D.Ohio 1972), the court found that plaintiff's complaint was for a "sum certain" for purposes of Fed.R.Civ.P. 55(b)(1) because the United States sought tax deficiencies against defendants in specific dollar amounts. In the instant case, plaintiff's complaint appears to list specific dollar amounts allegedly due to plaintiff from defendants' breach of license agreements, and non-payment of notes and guarantees, all of which specified liquidated damage amounts in the event of non-performance. Thus, plaintiff's claim appears to be for a sum certain.

▆ However, as stated earlier, an entry of default is a prerequisite to a default judgment. Thus, a default judgment cannot be granted until a default is entered by the Clerk. To the extent plaintiff's motion, filed on December 9, 2003, was for a default judgment under Fed.R.Civ.P. 55(b), the motion is overruled without prejudice as premature.

Once the Clerk enters a default in accordance with this order, plaintiff may, pursuant to Fed.R.Civ.P. 55(b)(1), file a motion for a default judgment accompanied by a proposed order for default judgment, listing the appropriate judgment amounts. It appears that plaintiff will be entitled to take this course of action because plaintiff's claim is for a sum certain, plaintiff's affidavit and exhibits demonstrate defendants' failure plead or otherwise appear, and it is not disputed that defendants are not infants or incompetent persons.

▆ However, I note that defendants originally opposed a default judgment, on the basis that there are other defendants in the case against which plaintiffs are proceeding. Defendants cite, *inter alia, Frow v. De La Vega*, 15 Wall. 552, 82 U.S. 552, 21 L.Ed. 60 (1872) for the proposition that a default judgment should not be entered against a defaulting defendant when other defendants have answered and are participating in the case. However, as plaintiff points out, *Frow* only applies in situations where the liability between multiple defendants is alleged to be "joint" only, and does not apply where it is alleged to be "joint and several." *See, e.g., In re Uranium Antitrust Litigation*, 617 F.2d 1248, 1256–58 (7th Cir.1980) (holding that and explaining why *Frow* is inapplicable in joint and several liability cases, as judgment against one defendant is not inconsis-

tent with finding of no liability against other defendant). Here, the liability between the defendants is joint and several, rather than joint. As such, this objection does not provide a for withholding a default judgment in this case.

I note that Fed.R.Civ.P. 55(c) permits a defendant to file a motion to set aside a default "for good cause shown." Thus, should the defendants have good cause for their default, they may seek to set aside the default. Otherwise, if no good cause exists, the defendants should, in accordance with Fed.R.Civ.P. 11, not oppose a motion for entry of default judgment, assuming the amount is for a sum certain.

## CONCLUSION

It is, therefore,

ORDERED THAT:

1. The Clerk shall enter a default against defendants Baroda Enterprises, LLC, Arun Patel and Bharat Parmar;

2. Defendants may file a motion, on or before March 10, 2004, to set aside the default under Fed.R.Civ.P. 55(c) if proper grounds exists basis for such a motion, plaintiff's opposition to be filed by March 20, 2004, defendants' reply by April 1, 2004;

3. Plaintiff's motion, filed on December 9, 2003, is overruled without prejudice to the extent the motion sought a default judgment;

4. If the entry of default against defendants is unchallenged, plaintiff is granted leave until March 13, 2004 to file its motion for entry of a default judgment for a sum certain.

So ordered.