HELENE N. WHITE, Circuit Judge
(dissenting).
Although this is a close case, I respectfully dissent from my colleagues’ conclusion that the district court did not abuse its discretion in denying Flynn damages based on the default judgment he obtained against Wells Fargo.
As a pro se litigant, Flynn was entitled to liberal construction and active interpretation of his pleadings. See Franklin v. Rose, 765 F.2d 82, 85 (6th Cir.1985). The magistrate judge’s first order to submit evidence of damages directed Flynn to provide the court with “any and all doeu-mentation, including affidavits and other sworn statements” that he wanted the court to consider in assessing his damages. Flynn’s response to this order restated the requests for relief and damages listed in his complaint and provided no documentary proof of the claimed damages. It should have been evident to the court from Flynn’s response that he did not understand what was required of him. The magistrate judge’s second order to submit proof of damages provided no further instruction to Flynn. The order merely directed that Flynn submit “any documents, including affidavits, that he want[ed] the court to consider in assessing damages.” Again, Flynn responded by listing his requested damages but included no documentary evidence in support. After receiving a second bare response from Flynn, it should have been even more apparent to the court that Flynn did not understand what was requested of him.
Upon receiving the magistrate judge’s report and recommendation, Flynn realized that he had not provided what the court required. In his objections to the report and recommendation, Flynn offered his apologies to the court for failing to properly comply with the court’s orders and explained that he had misinterpreted the Federal Rules of Civil Procedure to mean that the relief requested in the complaint would be automatically awarded to him by virtue of the default judgment. Flynn attached to his objections fifty-five pages of what he believed to be documentary proof of his damages, including receipts for household goods and an itemized list of furniture and fixtures lost in the foreclosure with estimated values.[1]
It is unclear from the district court’s orders adopting the magistrate judge’s *459 recommendation to deny damages and denying the motion for reconsideration to what extent the court reviewed the attachments accompanying Flynn’s objections. Bearing in mind Flynn’s status as a pro se litigant and his attempts to explain his reasons for failing to satisfactorily respond to the magistrate judge’s orders, the district court should have evaluated the evidence submitted in the attachments in conjunction with the allegations and exhibits in Flynn’s complaint. These materials provided a starting point from which the court should have assessed Flynn’s damages.
Flynn provided evidence of the nature and value of personal property he alleged was lost in the foreclosure. Flynn submitted copies of store receipts for the purchase of items for which he could legitimately have claimed damages, including construction supplies, tools, kitchen implements, furnishings, and electronics. He also submitted an itemized list of property that he alleged had been in or around the house, including furniture, tools, equipment, and vehicles, along with estimated values. That list included the notation that “[t]he prices shown are from the best of my memory under penalty of perjury,” followed by Flynn’s wife’s name. Although not proof certain of Flynn’s damages, these documents provided evidence that the district court should have considered in making a determination of damages. The majority’s observation that Flynn’s receipts included items, such as food, that could not have been used to improve the house indicates that the receipts were overinclusive; it does not undermine the legitimacy of other items listed on the receipts. The additional observation that the itemized list of property provided no evidence of Flynn’s ownership of anything on the list is similarly problematic. The list did not disprove ownership either and, indeed, the district court provided no explanation why ownership could not be inferred from presence of the items in the house owned by Flynn and by Flynn’s wife’s attestation as to her personal memory of the prices of each item. Proof of ownership could have been provided by testimony or by further evidentiary proffers during a hearing. The district court could have then made an evaluation of the evidence, or Wells Fargo could have conducted cross-examination or introduced its own evidence in rebuttal.
Further, Flynn’s complaint and attachments provided statements of his ownership in the property and its value, as well as copies of checks for a down payment and mortgage payment. It is well established that the owner of real property is competent to attest to the value of his or her property. See State ex rel. Smith v. Livingston Limestone Co., Inc., 547 S.W.2d 942, 943 (Tenn.1977) (“In most states, and in Tennessee, the owner of real property is held to be qualified, by reason of his ownership alone, to give an opinion in evidence of the value of his land.”); Airline Const. Inc. v. Barr, 807 S.W.2d 247, 254-55 (Tenn.Ct.App.1990); see also 7 Fed. Proc., L.Ed. § 14:81 (“The opinion testimony of a landowner as to the value of the land is admissible without further qualification, and in testifying as to the value of the property the owner is entitled to the privileges of a testifying expert. The landowner’s testimony can be tested through cross-examination or independent evidence refuting the owner’s estimate.... ”).
That Flynn’s documents and claims were overinclusive and his multi-million-dollar damages figure was preposterous did not *460 relieve the court of the obligation to determine Flynn’s true damages. Accordingly, the district court should have scheduled a hearing to determine Flynn’s damages with more certainty and to provide Wells Fargo the opportunity to refute Flynn’s claims with evidence or through cross-examination.
Certainly, the district court has wide discretion under Federal Rule of Civil Procedure 55(b) to decide whether a hearing is necessary to determine damages pursuant to a default judgment. See Vesligaj v. Peterson, 331 Fed.Appx. 351, 354-55 (6th Cir.2009) (unpublished); Fustok v. Conti-Commodity Servs., Inc., 873 F.2d 38, 40 (2d Cir.1989). However, the court, in viewing the totality of the circumstances, should have been more tolerant of Flynn’s attempts to comply with its orders. Thus, I would remand the case to the district court for further consideration of the issue of Flynn’s damages, as well as to address Wells Fargo’s arguments raising Frow v. De La Vega, 82 U.S.(15 Wall.) 552, 21 L.Ed. 60 (1872), in the first instance.

. In his motion for relief from judgment, Flynn again explained to the court that he *459 had misunderstood the procedure for proving damages and directed the court's attention to the attachments to his objections.