LEVINE, J.
Appellants appeal a final summary judgment in favor of appellee, Kahn, Chenkin & Resnick, P.L. (“the law firm”), in an action for breach of an attorneys’ fee agreement. Because we find that appellants were similarly situated to their code-fendants, who presented genuine issues of material fact that precluded summary judgment against the codefendants, summary judgment should have likewise been denied against appellants. We therefore reverse and remand.
Rexecon International Corp., Frank Reilly, Orin Neiman, Richard Hersh, and Chuck Detore (“defendants”) retained the law firm to represent them in an underly *552 ing lawsuit. The fee agreement between the parties included a “timely objection clause” requiring defendants to read all billing statements and notify the law firm, in writing, of any errors or discrepancies “within fifteen days from the date of said statement.” An “arbitration clause” in the agreement provided that “[i]n the event of a timely objection to any statement for services rendered, the resulting fee dispute and any dispute concerning costs or interest shall be resolved through binding arbitration.” The “arbitration clause” also provided that “any claims concerning the performance or breach of performance by [the law firm] or its attorneys, ... specifically including but not limited to any claims for negligence, breach of fiduciary duty or breach of contract, shall also be settled through binding arbitration.”
The law firm filed a breach of contract complaint against defendants, alleging that they were indebted to the firm for services rendered and had refused to make payment upon demand. The law firm attached to the complaint the fee agreement and a single invoice showing the outstanding balance.
Detore, Rexecon, and Reilly filed individual answers denying all material allegations of the law firm’s complaint. Defendants filed an amended answer and motion to dismiss[1] alleging that the fee agreement required mandatory arbitration of all disputes, and that the law firm failed to inform them about a mandatory arbitration clause in the contract governing the underlying suit, thereby increasing the firm’s fees. The law firm moved for summary judgment and fees, and filed an affidavit in support thereof by attorney Howard Kahn, asserting statements consistent with the law firm’s allegations.
Counsel for Rexecon filed an affidavit of Rexecon’s president, Frank Reilly, in opposition to summary judgment. Reilly stated that defendants hired the law firm and advised the law firm that they had “very limited resources” and that the firm’s “legal strategy should be aimed at having the underlying suit dismissed as quickly as possible.” Reilly stated the law firm failed to inform defendants that the contract in the underlying suit had an arbitration provision, which defendants believed would have resulted in a quick dismissal of the underlying suit, thereby saving Rexecon “millions of dollars.” Nei-man, Hersh, and Detore (“appellants”) did not file affidavits in opposition to the law firm’s summary judgment motion.
The trial court denied the law firm’s motion for summary judgment as to Rexe-con and Reilly, but granted the motion against appellants. The trial court also directed the law firm to submit a final judgment. The court then entered, without modification or objection, the law firm’s proposed final judgment against appellants. The judgment noted that appellants had not filed opposition affidavits.
Appellants moved for reconsideration arguing that Reilly’s affidavit was submitted on behalf of all defendants, not just on behalf of Reilly and Rexecon. Appellants asserted that the same grounds precluding summary judgment against Rexecon and Reilly should have precluded summary judgment against appellants, regardless of whether appellants signed Reilly’s affidavit. The court denied appellants’ motion.
We review de novo a trial court’s granting of summary judgment. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126,130 (Fla.2000).
*553 Appellants assert the trial court erred in disregarding Reilly’s affidavit relative to them and in entering summary judgment where the record reflects that all defendants were similarly situated and genuine issues of material fact existed. The law firm responds that Reilly’s affidavit could not be used in opposition to summary judgment against appellants because, as to them, it constitutes inadmissible hearsay, and appellants are not similarly situated to Rexecon and Reilly.
In Anthony v. Burkhart, 28 F.Supp.2d 1289, 1247 (M.D.Fla.1998), the plaintiff claimed that the defendants conspired against him. The court found this claim created a premise of joint liability between the defendants. After summary judgment was entered in favor of two defendants, the court found, pursuant to Frow v. De La Vega, 82 U.S. 552, 554, 15 Wall. 552, 21 L.Ed. 60 (1872), that summary judgment should likewise be entered in favor of the third defendant even though he failed to file any affidavit in support thereof. Frow stands for the proposition that:
[I]f at trial facts are proved that exonerate certain defendants and that as a matter of logic preclude the liability of another defendant, the plaintiff should be collaterally estopped from obtaining a judgment against the latter defendant, even though it failed to participate in the proceeding in which the exculpatory facts were proved.
Days Inns Acquisition Corp. v. Hutchinson, 707 So.2d 747, 749 (Fla. 4th DCA 1997) (quoting Farzetta v. Turner & Newall, Ltd., 797 F.2d 151,154 (3d Cir.1986)). See also Ing Bank, fsb v. First Conti Mortg., Inc., 6:09-CV-1708-ORL-35, 2011 WL 1790507, at *3 (M.D.Fla. Apr. 13, 2011) (refusing to enter summary judgment against one defendant because the “motion is addressed to the actions and/or inactions of both” defendants thereby creating a “risk of inconsistent judgments” should summary judgment be entered against the defendant where the court could not determine liability, if any, of the co-defendant).
It is apparent from the record that appellants are similarly situated to Rexecon and Reilly. First, it is undisputed that all defendants signed the exact same fee agreement with the law firm. Second, the complaint and motion for summary judgment did not contain any allegation that differentiated appellants from Rexecon and Reilly, nor any allegation that each defendant’s liability was based on any unique or different circumstance. Third, Kahn’s affidavit did not assert that appellants should be treated differently from Rexecon and Reilly. Thus, the predicate facts are shared by all defendants.
Further, all five defendants filed an amended answer containing the same allegations presented in Rexecon’s answer and affirmative defenses. Rexecon’s affirmative defenses assert that “[the law firm’s] claims are barred by the arbitration provision of its engagement agreement” and that “[the law firm’s] fees are not reasonable and Defendants notified [the firm] of their objections to his bills within a reasonable time after receiving them.” (emphasis added). Finally, Reilly’s affidavit shows that appellants were similarly situated to himself and Rexecon, as he asserts facts on behalf of appellants in the affidavit: “I and the other defendants hired Plaintiff,” “I and the other Defendants informed Mr. Kahn at the beginning of his engagement that the Defendants had very limited resources,” and “We believe that Mr. Kahn breached his duty of care to Defendants.” (emphasis added). The law firm’s argument that the affidavit is hearsay as applied to appellants is not convincing because “[o]n hearing a motion for summary *554 judgment ... a court is authorized to consider forms of evidence, such as affidavits, which would normally be inadmissible at trial.” Baskin v. Griffith, 127 So.2d 467, 473-74 (Fla. 1st DCA 1961).
Because all defendants were similarly situated, it does not follow that the trial court could deny summary judgment as to Rexecon and Reilly but grant it against appellants. See Burkhart, 28 F.Supp.2d at 1247; Ing Bank, 2011 WL 1790507, at *8. The affirmative defenses in Rexecon’s answer and sworn allegations in Reilly’s affidavit created genuine issues of material fact common to all defendants. Accordingly, we reverse the final judgment against appellants and remand for further proceedings consistent with this opinion.

Reversed and remanded.

MAY and CIKLIN, JJ., concur.

. The trial court denied defendants’ motion to dismiss, but that order did not strike or otherwise affect their amended answer.