

**FILED**

JAN 30 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FULL TILT BOOGIE, LLC, a Nevada
limited liability company,

        Plaintiff-Appellee,

  v.

JEROEN BIK; MIRAY BIK,

        Defendants-Appellants,

  v.

JAMES R. KIRNER,

        Counter-defendant-Appellee,

 and

KEP FORTUNE, LLC, a Delaware limited
liability company; DOE INDIVIDUALS, 1-
10; ROE CORPORATIONS, 11-20,

        Defendants,

THE JIMMY K INC.,

        Counter-defendant.

No. 23-55388

D.C. No.
2:19-cv-09090-ODW-KES
Central District of California,
Los Angeles

ORDER

| | |
|---|---|
| FULL TILT BOOGIE, LLC, a Nevada limited liability company, | No. 23-55452 |
| Plaintiff-Appellee, | D.C. No. 2:19-cv-09090-ODW-KES Central District of California, Los Angeles |
| v. | |
| JEROEN BIK; MIRAY BIK, | |
| Defendants-Appellants, | |
| JAMES R. KIRNER, | |
| Counter-defendant-Appellee, | |
| and | |
| DOE INDIVIDUALS, 1-10; ROE CORPORATIONS, 11-20; KEP FORTUNE, LLC, a Delaware limited liability company, | |
| Defendants, | |
| THE JIMMY K INC., | |
| Counter-defendant. | |

| | |
|---|---|
| FULL TILT BOOGIE, LLC, a Nevada limited liability company, | No. 23-3208 |
| Plaintiff - Appellee, | D.C. No. 2:19-cv-09090-ODW-KES Central District of California, Los Angeles |
| v. | |
| JEROEN BIK and MIRAY BIK, | |
| Defendants - Appellants, | |
| and | |
| KEP FORTUNE, LLC, a Delaware limited liability company and DOES, Individuals, 1-10, | |
| Defendants, | |
| JAMES R. KIRNER, | |
| Counter-defendant - Appellee, | |
| and | |
| THE JIMMY K INC., | |
| Counter-defendant. | |

Before: R. NELSON, Circuit Judge, and EZRA, District Judge.***

---

&ast; The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

&ast;&ast; This order was issued by a quorum of the panel. *See* 28 U.S.C. § 46(d); Ninth Circuit General Order 3.2(h).

The memorandum disposition issued on May 20, 2025, in Case Nos. 23-55388 (Dkt. 41), and 23-55452 (Dkt. 39), inadvertently omitted Case No. 23-3208 due to a clerical error. It was the intention of the entire panel that Case No. 23-3208 be included in the disposition of these consolidated cases.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The mandate previously issued in Case Nos. 23-55388 (Dkt. 42), and 23-55452 (Dkt. 40), is **RECALLED** to permit the court to correct this clerical error.

2. The memorandum disposition filed on May 20, 2025, in Case Nos. 23-55388 (Dkt. 41), and 23-55452 (Dkt. 39), is hereby **AMENDED** solely to include Case No. 23-3208 in the caption. The amended memorandum disposition of these three consolidated cases is filed concurrently with this Order. No other changes have been made to the original disposition.

3. The mandate shall issue in Case Nos. 23-55388, 23-55452, and 23-3208 in the time provided under Federal Rule of Appellate Procedure 41(b).

4. No further petitions for panel rehearing or petitions for rehearing en banc shall be entertained in any of these consolidated cases.

**IT IS SO ORDERED.**



FILED

JAN 30 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FULL TILT BOOGIE, LLC, a Nevada
limited liability company,

        Plaintiff-Appellee,

 v.

JEROEN BIK; MIRAY BIK,

        Defendants-Appellants,

 v.

JAMES R. KIRNER,

        Counter-defendant-Appellee,

 and

KEP FORTUNE, LLC, a Delaware limited
liability company; DOE INDIVIDUALS, 1-
10; ROE CORPORATIONS, 11-20,

        Defendants,

THE JIMMY K INC.,

        Counter-defendant.

No. 23-55388

D.C. No.
2:19-cv-09090-ODW-KES
Central District of California,
Los Angeles

CORRECTED MEMORANDUM*

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| | |
|---|---|
| FULL TILT BOOGIE, LLC, a Nevada limited liability company, | No. 23-55452 |
| Plaintiff-Appellee, | D.C. No. 2:19-cv-09090-ODW-KES Central District of California, Los Angeles |
| v. | |
| JEROEN BIK; MIRAY BIK, | |
| Defendants-Appellants, | |
| JAMES R. KIRNER, | |
| Counter-defendant-Appellee, | |
| and | |
| DOE INDIVIDUALS, 1-10; ROE CORPORATIONS, 11-20; KEP FORTUNE, LLC, a Delaware limited liability company, | |
| Defendants, | |
| THE JIMMY K INC., | |
| Counter-defendant. | |

| FULL TILT BOOGIE, LLC, a Nevada limited liability company,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JEROEN BIK and MIRAY BIK,<br><br>Defendants - Appellants,<br><br>and<br><br>KEP FORTUNE, LLC, a Delaware limited liability company and DOES, Individuals, 1-10,<br><br>Defendants,<br><br>JAMES R. KIRNER,<br><br>Counter-defendant - Appellee,<br><br>and<br><br>THE JIMMY K INC.,<br><br>Counter-defendant. | No. 23-3208<br><br>D.C. No.<br>2:19-cv-09090-ODW-KES<br>Central District of California,<br>Los Angeles |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted May 16, 2025[**]
Pasadena, California

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: IKUTA and R. NELSON, Circuit Judges, and EZRA, District Judge.\*\*\*
\*\*\*\*

Defendants Jeroen and Miray Bik ("the Biks") appeal the district court's amended default judgment, amended final judgment, and order denying post-judgment relief in favor of Plaintiff Full Tilt Boogie, LLC ("Full Tilt") in this franchise agreement dispute. We have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, we affirm. *See Hawaii Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 511–12 (9th Cir. 1986); *see also Lam v. City of San Jose*, 869 F.3d 1077, 1084 (9th Cir. 2017) (we must uphold "a district court's determination that falls within a broad range of permissible conclusions, provided the district court did not apply the law erroneously." (citation omitted)).

The Biks argue on appeal that the district court erroneously assumed that the default of their co-defendant, KEP Fortune, LLC ("KEP"), automatically required the entry of judgment against the Biks following a finding on summary judgment of their joint and several liability under the California Franchise Investment Law

---

\*\*\* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

\*\*\*\* As explained in the order issued concurrently with this corrected disposition, the original disposition filed on May 20, 2025, in Case Nos. 23-55388 (Dkt. 41) and 23-55452 (Dkt. 39), this memorandum is corrected nunc pro tunc solely to add Case No. 23-3208 to the caption, which was omitted due to a clerical error.

("CFIL").[1] They contend that the district court erred when it "imputed KEP's liability to its non-defaulting co-defendants Jeroen and Miray Bik, even though (i) the Biks had answered the complaint; (ii) the Biks continued to contest liability and the amount of damages; and (iii) the Biks were not in default because they were permitted by law to represent themselves in the action."

When there are defendants who are jointly and severally liable, the court should not impose liability on the defaulting defendant before determining whether the answering defendants are liable. *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 531–33 (9th Cir. 2001) (discussing *Frow v. De La Vega*, 82 U.S. 552 (1872)). If the answering defendants are not liable, then the defaulting defendant is not liable either. *See Frow*, 82 U.S. at 554. Unlike *Frow*, this is not a case where the Biks could be held not liable for violating the CFIL, and therefore KEP could be held not liable.

In its order on cross-motions for summary judgment, the district court found KEP and the Biks jointly and severally liable for violating the CFIL. After KEP defaulted, following the withdrawal of its counsel, Full Tilt moved for default judgment and elected rescission damages. As Full Tilt explained, if the district court agreed to an award of rescission under the CFIL, its alternative legal claims, or the equitable remedy of restitution through unjust enrichment, would not be

---

[1] The Biks are owner-members of KEP.

available.  At this point in the case, it was not yet clear that the district court would impose the remedy of rescission, because it had previously held on summary judgment that Full Tilt needed to prove willfulness to be entitled to that remedy.  Cal. Corp. Code § 31300.  The district court then issued a Minute Order ordering Full Tilt to explain why its motion for rescission damages negated the need for a trial, and to provide a more complete analysis of its motion for rescission damages.  The district court also allowed the Biks, who were now proceeding pro se, to file a responsive brief.

In the Biks' response, they requested "that this Court issue an Order vacating the Trial against [the Biks] for Unjust Enrichment and/or any prove-up damages against [the Biks] on the CFIL claim."  The Biks stated that the unjust enrichment claim against them was unnecessary and moot because rescission against KEP and monetary damages for unjust enrichment against the Biks would amount to double recovery.  The Biks also argued that rescission was not available against them, because they were not parties to the relevant contract.  The Biks made no argument about whether Full Tilt had proven KEP's willfulness, which was necessary for rescission liability under the CFIL, by virtue of its default.  Further, the Biks requested the district court vacate any trial settings for prove-up damages against them on Full Tilt's CFIL claim.

The district court warned the Biks extensively about the consequences of

their choice to proceed without counsel for both themselves and KEP.  For example, at the February 23, 2023 hearing, the district court explained that "what happens to KEP is going to happen to [the Biks]" and asked Mr. Bik to explain in his own words what would happen if KEP defaulted.  *See Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("[J]udges have no obligation to act as counsel or paralegal to pro se litigants" because requiring trial judges to explain the details of federal law or act as the pro se's counsel "would undermine district judges' role as impartial decisionmakers.").

In this case all defendants were held liable for a violation of the CFIL at the summary judgment stage, which was the basis for the remedy imposed by the district court, following KEP's default.  KEP defaulted on the issue of willfulness, resulting in the availability of rescission as a remedy under the CFIL, and the Biks stated that they did not wish to litigate further.  Thus, the district court did not err when it found KEP liable for rescission damages, and the Biks jointly and severally liable for the same.

As the district court correctly found, "KEP's CFIL violations were established as willful based on KEP's default.  Thus, whether the Biks also willfully violated the CFIL [was] irrelevant to the Court's conclusion." *Cf. Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1190 (9th Cir. 2009) (insured's default cannot preclude "adjudication on the merits" where the insurer

"contends that it will be able to overcome" grounds for default). There is nothing inconsistent or incongruous about finding the Biks jointly and severally liable for KEP's CFIL violation and enforcing the remedy against both. *Cf. In re First T.D.*, 253 F.3d at 532 (A result in which defaulting defendants in related litigation are found liable but not non-defaulting defendants are not liable "is both incongruous and unfair."); *see also In re Uranium Antitrust Litig.*, 617 F.3d 1248, 1257 (7th Cir. 1980) (applying *Frow* to avoid "logically inconsistent adjudications as to liability"). Accordingly, the district court did not violate the Biks' due process rights, as they contend.

Further, the district court did not award relief that exceeded the scope of Full Tilt's motion or pleadings, as the Biks argue. While the default judgment was entered solely against KEP, the Biks had previously been adjudicated jointly and severally liable for the CFIL violation, and rescission was merely a remedy flowing from that claim.

Moreover, the Biks' argument that the complaint failed to state a cause of action for rescission against them is unavailing. Rescission is a remedy, not a standalone claim. *Nakash v. Superior Ct.*, 196 Cal. App. 3d 59, 70 (Cal. Ct. App. 1987). *See also Dollar Sys., Inc. v. Avcar Leasing Sys.*, Inc., 890 F.2d 165, 170 (9th Cir. 1989). Additionally, Cal. Corp. Code § 31302 makes control persons jointly and severally liable for relief flowing from a CFIL violation. Because

liability under the CFIL had been determined by the district court on summary judgment, and Full Tilt, as the franchisee, elected rescission as its remedy, the district court did not err in imposing that remedy jointly and severally.

Finally, for the reasons stated above, the district court did not abuse its discretion in denying the Biks' post-judgment motions under Federal Rules of Civil Procedure 59(a), 59(e), or 60(b).

**AFFIRMED.**