In the

# United States Court of Appeals

### For the Seventh Circuit

No. 16-2037

TEAMSTERS LOCAL UNION NO. 727 HEALTH AND WELFARE
FUND, TEAMSTERS LOCAL UNION NO. 727 PENSION FUND, and
TEAMSTERS LOCAL UNION NO. 727 LEGAL AND EDUCATIONAL
ASSISTANCE FUND,

*Plaintiffs-Appellees*,

*v.*

L&R GROUP OF COMPANIES,

*Defendant-Appellant*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 11 C 1747 — **Jorge L. Alonso**, *Judge*.

ARGUED DECEMBER 2, 2016 — DECIDED DECEMBER 21, 2016

Before WOOD, *Chief Judge*, and EASTERBROOK and
WILLIAMS, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Three pension and welfare
funds regulated by the Multiemployer Pension Plan
Amendments Act (MPPAA), which is codified as part of the
Employee Retirement Income Security Act (ERISA), filed

this suit to collect what they described as shortfalls in contributions due during 2003 through 2008 from System Parking, Inc., which had entered into four collective bargaining agreements with Teamsters Local 727. But the funds did not sue System Parking. Instead they sued "L&R Group of Companies." The answer to the complaint also used that name, as did the district court's judgment. The mismatch between the litigant and the name of the business obligated to make contributions led us to call for supplemental briefs, which reveal that there is no such thing as "L&R Group of Companies." This poses two problems under Fed. R. Civ. P. 17. Rule 17(a) says that suits must be conducted in the name of the real parties in interest, and Rule 17(b) says that only persons or entities with the capacity to sue or be sued may be litigants.

The odd name "L&R Group of Companies", which the opening brief on appeal described as "not a corporation" with no further detail, led us to wonder whether it might be a partnership, a holding company organized as a trust, or perhaps a membership organization. But the supplemental briefs reveal that it is none of these. Counsel for appellant, while styling their client as "L&R Group of Companies", state variously that it is "a description that refers to a series of business entities" or a "rubric" that several companies use in their business. But a "description" or a "rubric" is not a juridical entity. See, e.g., *Schiavone v. Fortune*, 477 U.S. 21 (1986) (the name of a magazine is not suable). Rule 17(a) says that litigation must proceed in the name of the real party in interest, and a "rubric" is not any kind of entity. You can't sue a "rubric" any more than you could sue the Chicago River or the Magnificent Mile as a proxy for the City of Chicago. The judgment in this case directs "L&R Group of

Companies" to pay almost $2 million, but a rubric does not have a bank account.

The supplemental briefs reveal the identity of the proper defendant. System Parking, Inc., changed its name to LR Sys, Inc., in November 2010. The next month all of its assets and liabilities were acquired by LR System Parking – Illinois, LLC (LR System Parking for short). Because this entity was not named in the complaint or served with process, a motion to dismiss the complaint would have been granted under *Schiavone*, though the funds might have had time to sue it before the statute of limitations expired. But no one paid any attention to this subject in the district court, and even now LR System Parking has not asked us to remand with instructions to dismiss. Nor has it suggested that the funds should be stuck with an uncollectable judgment. Still, we cannot continue the litigation against a rubric, so the question becomes whether this problem can be fixed in the court of appeals.

We think that the answer is yes, using the power granted by Fed. R. Civ. P. 21 to add or drop a party in lieu of dismissing the suit. Cf. 28 U.S.C. §1653. Rule 21 nominally applies only to district courts, but *Newman-Green v. Alfonzo-Larrain*, 490 U.S. 826, 832–37 (1989), holds that appellate courts may exercise the same power—as the Supreme Court itself did in *Mullaney v. Anderson*, 342 U.S. 415 (1952). In *Newman-Green* the Justices held that a court of appeals may dismiss a surplus litigant whose presence prevented the existence of complete diversity of citizenship. Here we need a substitution—a real party in lieu of a rubric—but *Mullaney* shows that a court of appeals has that authority too, when the real party in interest does not object. *Mullaney* allowed

the addition of two litigants in the Supreme Court in order to avoid a problem with the original litigant's standing to sue. Here all we need do is replace a name (L&R Group of Companies) with the real entity (LR System Parking) that everyone has taken the name to be a stand-in for. That's within the bounds of the authority recognized by *Newman-Green*, so we need not send the case back to the district court for formalities that quickly would propel the dispute back here.

Thus we arrive at the merits, and the district court's thorough opinion, 2016 U.S. Dist. LEXIS 16359 (N.D. Ill. Feb. 10, 2016), enables us to be brief. The judge held a bench trial, resolved ambiguities in the collective bargaining agreements, and considered two opposing audit reports—one conducted by a firm of auditors on behalf of the funds and showing that LR System Parking owed some $1.8 million (including late-payment penalties and interest) and the other conducted internally by LR System Parking and showing that the funds had been overpaid about $1.2 million. The judge concluded that: (1) the agreements require contributions for every hour workers are paid and not just for hours they work (so the employer owed contributions for paid vacation and sick-leave hours); (2) the auditor hired by the funds did not have a duty to offset overpayments when calculating underpayments (this was the only seriously contested issue about the quality of that audit); and (3) LR System Parking's audit was unreliable. LR System Parking has abandoned its arguments on the choice between hours paid and hours worked, leaving only issues (2) and (3) for appellate resolution.

The funds' auditor counted underpayments and ignored overpayments. LR System Parking says that this spoils the audit. The district judge found otherwise, ruling that requiring the funds' auditor to determine overpayments and offset them against underpayments would shift to the funds the burden of calculating and proving the amount of any overpayment. The trust documents assign that burden to employers. As the district judge saw things, the funds' auditor was entitled to tally up the underpayments, while the employer's auditor could tally overpayments and the court would do the offset. That makes sense and is certainly not an abuse of discretion.

This brings us to the district court's decision that the employer's audit was unreliable, so there was nothing to offset against the funds' calculation. The judge gave three principal reasons (2016 U.S. Dist. LEXIS 16359 at *63–66): first, that the employer's audit was done in-house rather than by an independent accounting firm; second, that the person who prepared it lacked any relevant experience; third, that LR System Parking relied on "murky" assumptions and did not try to explain why this audit differed from the funds' professionally prepared audit. The judge summed up: "L&R litigated this issue by obfuscation." The judge's conclusion that the employer's audit was unreliable is a finding of fact and thus must stand unless clearly erroneous. Fed. R. Civ. P. 52(a)(6). We see no clear error in this finding. On this record the judge might well have accepted the employer's calculation, but the evidence did not compel him to do so.

The judgment is affirmed, and the case is remanded with instructions to amend the judgment to specify LR Sys-

tem Parking – Illinois, LLC, as the defendant and the entity responsible for payment.