In the

# United States Court of Appeals
## For the Seventh Circuit

No. 19-1916

ARWA CHIROPRACTIC, P.C., individually and as representative of the certified class,

*Plaintiff-Appellant,*

*v.*

MED-CARE DIABETIC & MEDICAL SUPPLIES, INC., *et al.,*

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:14-cv-05602 — **John Z. Lee**, *Judge.*

ARGUED DECEMBER 6, 2019 — DECIDED JUNE 5, 2020

Before ROVNER, BRENNAN, and ST. EVE, *Circuit Judges.*

BRENNAN, *Circuit Judge.* A medical supply company sent faxes to thousands of medical providers to solicit prescriptions to sell medical equipment to the providers' patients. One provider received numerous faxes and filed this class action challenging the faxing practices under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

As the case worked its way through the district court, the supply company failed to appear and had default judgment entered against it as to liability but not damages. Later the supplier's chief executive officer was granted summary judgment. Concerned with an inconsistency, the district court vacated the default judgment against the supply company and entered judgment for both the executive and the company. The medical provider appeals that decision.

We affirm the judgment for the executive. But because the good cause standard was not applied in vacating the default judgment against the company, and inconsistent judgments between the individual and corporate defendants do not present a problem, we reverse and remand for further proceedings on the claim against the company.

## I. Factual and Procedural Background

Plaintiff Arwa Chiropractic, P.C. is an Illinois medical provider. On six occasions Arwa received nearly identical faxes containing a prescription request form for a nebulizer (which turns liquid medicine into a mist) from defendant Med-Care Diabetic & Medical Supplies, Inc. Med-Care used a third party, WestFax, to send the faxes in bulk. Med-Care provided WestFax with blank templates for the prescription request forms, along with spreadsheets of contact information to fill in the forms. WestFax then sent Med-Care's faxes to thousands of medical providers. Those Arwa received were part of a broadcast of 46,051 faxes in which each differed only by the patient and doctor information.

Med-Care's chief executive officer, Dr. Steven Silverman, explained "Med-Care's business model as a mail-order medical equipment company involved reaching out to physicians

to request prescriptions after first being contacted by patients needing medical products." Silverman asserted he had no personal control over the faxing operations of Med-Care. He claimed the "day to day operations of the business were delegated to others" while he "focused more on big picture business development and the overall health of the business." Silverman did not send any faxes on behalf of Med-Care. He did not oversee, supervise, or participate in sending faxes, and he did not design or draft any of the prescription request forms. He did not execute Med-Care's contract with WestFax, and he was not involved with uploading order requests to WestFax. Others signed the contract with WestFax, oversaw Med-Care's operations, and uploaded the faxes to WestFax.

Arwa sued Med-Care and Silverman on behalf of a putative class of fax recipients, claiming defendants' faxing practices violated the TCPA. Arwa moved to certify the class, which the district court granted. Defense counsel then moved to withdraw as the attorney for Med-Care but continued to represent Silverman. Counsel also informed the court that Med-Care had commenced a proceeding in Florida court assigning its assets for the benefit of creditors, *see generally* FLA. STAT. ch. 727, a state proceeding similar to bankruptcy.

The district court granted counsel's motion to withdraw from representing Med-Care and ordered it to have an attorney appear if it wished to continue to defend this case. When none did, Arwa moved for default against Med-Care under Federal Rule of Civil Procedure 55(a), which was granted. Later Arwa moved for default judgment against Med-Care. *See* FED. R. CIV. P. 55(b). The district court granted that motion and entered default judgment for Arwa against Med-Care as to liability, but the court deferred the question of damages.

Moving to the next defendant, Arwa sought partial summary judgment against Dr. Silverman on its TCPA claim, and Silverman moved for summary judgment on all claims. After reviewing the parties' briefing and the law, the district court concluded that Med-Care's faxes were not advertisements, and it denied Arwa's motion for summary judgment. Arwa argued Silverman directly participated in or authorized the faxes and should also be liable, but the only evidence Arwa cited to support this theory was that Silverman "knew" or "was aware" that Med-Care's procedures included sending faxed prescription requests to physicians. So the court granted Silverman's motion for summary judgment because even if the faxes were advertisements, he could not be personally liable unless he was a "sender" under the TCPA or had "direct personal participation in or personally authorized" the faxes.

Arwa then renewed its motion for default judgment against Med-Care and submitted its damages calculation. Silverman, who despite receiving summary judgment in his favor had remained active in the case. He opposed Arwa's request and argued the default judgment against Med-Care was logically inconsistent with the court's ruling that the Med-Care faxes were not advertisements.

At an April 11, 2019 hearing, after Arwa and Silverman supplemented their arguments, the district court considered this question of inconsistent judgments. Arwa had sought to hold Med-Care and Silverman liable based on the same conduct: the sending of unsolicited fax advertisements. The court concluded that defendants sued jointly should not be subjected to inconsistent judgments. Given the court had found that faxes were not advertisements, it reasoned that Arwa was

not entitled to a default judgment on liability against Med-Care. So the court denied Arwa's renewed motion for default judgment, vacated the default judgment on liability against Med-Care, and entered judgment for both Silverman and Med-Care.

Arwa appeals those rulings, arguing Med-Care's prescription request forms are advertisements under the TCPA, a genuine issue of material fact exists as to Silverman's personal liability, and summary judgment for Silverman does not preclude a default judgment against Med-Care. Silverman disagrees with each of these arguments. He believes the district court was correct to vacate the previous default judgment as to liability against Med-Care and to enter judgment for Med-Care. Med-Care has not participated in this appeal.[1]

## II. Discussion

Two standards of review apply to the parties' arguments on appeal.

The first, as to Silverman, is the familiar de novo review of a grant of summary judgment, which is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). We view the record and draw all reasonable inferences in the light most favorable to the nonmoving party. *See, e.g.*, *Driveline Sys., LLC v. Arctic Cat, Inc.*, 936 F.3d 576, 579 (7th Cir. 2019). We may affirm summary judgment on any ground supported in the record, provided the parties

---

[1] Med-Care's last appearance in this litigation was in November 2017 when its counsel (who also represents Silverman) was allowed to withdraw.

adequately addressed the issue in the district court and the non-moving party had an opportunity to contest it. *Id.*

The second is for abuse of discretion on the entry or vacation of a default judgment as to Med-Care, and the denial of a renewed motion for default judgment by Arwa. *See Relational, LLC v. Hodges*, 627 F.3d 668, 671 (7th Cir. 2010); *Pretzel & Stouffer v. Imperial Adjusters*, 28 F.3d 42, 44–45 (7th Cir. 1994).

### A. Silverman's Liability

We first consider whether the district court erred in granting summary judgment to Silverman on Arwa's claims. Personal liability under the TCPA is analyzed by examining whether the individual was a "sender" under the TCPA, or whether the person had direct, personal participation in or personally authorized the conduct found to have violated the statute. *Physicians Healthsource, Inc. v. A-S Medication Sols. LLC*, 324 F. Supp. 3d 973, 983 (N.D. Ill. 2018), *aff'd* 950 F.3d 959 (7th Cir. 2020) (citing *Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 898 (W.D. Tex. 2001)). "In addition to the person who physically sends the fax, federal regulations bring within the definition of 'sender' the person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement." *Heather McCombs, DPM, LLC v. Cayan LLC*, 2017 WL 1022013, at *5 (N.D. Ill. Mar. 16, 2017) (citing 47 C.F.R. § 64.1200(f)(10)).

Silverman did not fit within the definition of sender because he did not send any of the faxes, the faxes were sent on behalf of Med-Care and not Silverman personally, and if the faxes were advertisements, they advertised Med-Care's products, not Silverman's.

Even though Silverman was not a "sender," some courts have found a corporate officer "personally liable under the TCPA if he had direct, personal participation in or personally authorized the conduct found to have violated the statute, and was not merely tangentially involved." *Physicians Healthsource, Inc.*, 324 F. Supp. 3d at 983 (noting regulatory definition of "sender"); *see also City Select Auto Sales Inc. v. David Randall Assoc., Inc.*, 885 F.3d 154, 162 (3d Cir. 2018) (assuming personal-participation liability is available under TCPA, direct, personal participation of corporate officer is required).

Our court has not decided whether personal-participation liability is available under the TCPA. The district court in *Physicians Healthsource* noted that the "direct, personal participation" standard "has been adopted across the country, including by other judges in this district," and rejected the requirement that officer liability requires only knowledge of the wrongful conduct or willful violation. 324 F. Supp. 3d at 983. This court affirmed, 950 F.3d 959 (7th Cir. 2020), including, on that case's facts, the personal liability of the chief executive officer.

The personal-participation standard has been criticized as resting on the challenged assumption that traditional forms of common-law personal liability remain available under federal statutes by default. *City Select*, 885 F.3d at 160–61 (citing *Boim v. Holy Land Found. for Relief & Dev.*, 549 F.3d 685, 689 (7th Cir. 2008) (en banc)). But we need not decide whether personal-participation liability is present here. The only claim Arwa offers in support of Silverman's liability was that he "knew" or "was aware" that Med-Care's procedures included sending the faxes. Mere knowledge is insufficient. *See*

*Physicians Healthsource*, 324 F. Supp. 3d at 983 (citing *Am. Blastfax*, 164 F. Supp. 2d at 898). Even assuming personal-participation liability is the standard, direct participation or authorization would be required, and that is absent here. So we conclude that the district court did not err in granting summary judgment in Silverman's favor.

### B. Default and Default Judgment as to Liability against Med-Care

Before considering whether the vacation of default judgment was proper, as background we examine the district court's entry of default under Rule 55(a) and subsequent entry of default judgment as to liability against Med-Care under Rule 55(b). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Rule 55(b)(2) provides that the court may enter judgment on a default.

When counsel for Med-Care withdrew, the district court instructed that an attorney must appear for the company if it wished to defend this lawsuit. When after two months none appeared, the court granted Arwa's request for an entry of default. After two more months Med-Care still failed to appear, so the court granted Arwa's motion for default judgment as to liability.

When a court enters a default judgment as to liability, it must accept as true all factual allegations in the complaint, except those regarding the amount of damages. FED. R. CIV. P. 8(b)(6); *see, e.g.*, *Quincy Bioscience, LLC v. Ellishbooks*, 957 F.3d 725, 725 (7th Cir. 2020) (affirming entry of default judgment).

That occurred here. Arwa's requests for default and default judgment contained all the information necessary for the district court to issue its rulings. Med-Care did not appear after November 2017 and failed to explain its absence. Indeed, Med-Care has not appeared on appeal and no defense to the contrary has been offered for us to hold otherwise. These rulings by the district court were within its discretion, which it properly exercised.

## C. Vacation of the Default Judgment on Liability for Med-Care

Arwa has challenged the district court's decision to vacate the default judgment on liability against Med-Care and to deny Arwa's request for default judgment as to damages. "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." FED R. CIV. P. 55(c). Relief from a final judgment is available because of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, the judgment is void or has been satisfied, or any other reason that justifies relief. FED. R. CIV. P. 60(b)(1)–(6); *see Chrysler Credit Corp. v. Macino*, 710 F.2d 363, 367 (7th Cir. 1983) (affirming grant of default judgment). The Rule 60(b) standard is "applied more stringently" than the Rule 55(c) good cause standard. *Chrysler*, 710 F.2d at 368.

Upon initial review, the district court's grant of Arwa's motion for "default judgment," which was as to liability but not damages, suggests that Rule 60(b) should apply. The court's order used the term "judgment," and the court and counsel referred to the ruling in that manner.

But the district court did not enter a final judgment until over one year later, after it had ruled on the parties' motions

for summary judgment and vacated the entry of default judgment as to liability.[2] The more stringent Rule 60(b) standard is not applied unless a final judgment was entered. FED. R. CIV. P. 60(b) (noting ground for relief from "final" judgments); *see also Kapco Mfg. v. C&O Enters.*, 773 F.2d 151, 153 (7th Cir. 1985) (quoting Rule 60(b) that it "applies only to a final judgment, order, or proceeding" (internal quotation marks omitted)); *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 840 (6th Cir. 2011) (noting "the well-established rule that Rule 60(b) applies only to final, appealable judgments"). So the "default judgment" against Med-Care is better characterized as an entry of default, for which the Rule 55(c) good cause standard applies. *See, e.g., O.J. Distrib. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) (noting the stricter Rule 60(b) standard applies once the default has ripened into a judgment, meaning the court has entered a judgment and determined damages); *Chrysler Credit Corp.*, 710 F.2d at 367 (noting the different standards between Rule 55(c) and Rule 60(b)).

The scope of our review here is limited. *Stafford v. Mesnik*, 63 F.3d 1445, 1450 (7th Cir. 1995). We may consider only whether the court's decision was an abuse of discretion, and "we cannot reach the merits of the underlying judgment." *Stafford*, 63 F.3d at 1450 (quoting *Lee v. Village of River Forest*, 936 F.2d 976, 979 (7th Cir. 1991)); *see also Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012) (reviewing the district court's denial of a motion to vacate default judgment only for an abuse

---

[2] The district court entered default judgment as to liability in March 2018, and then vacated the default judgment as to liability and entered judgment for Med-Care in April 2019.

of discretion); *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 250 (7th Cir. 1990) (reviewing entry of default, entry of default judgment, and motions to vacate those rulings under an abuse of discretion standard).

"To succeed in the vacation of a default order under Rule 55(c), the defendant must show '(1) good cause for [its] default; (2) quick action to correct it; and (3) a meritorious defense to the plaintiff's complaint.'" *O'Brien v. R.J. O'Brien & Assoc., Inc.*, 998 F.2d 1394, 1401 (7th Cir. 1993) (quoting *United States v. DiMucci*, 879 F.2d 1488, 1495 (7th Cir. 1989)). "The same requirements, although more strictly applied, must be met to set aside a default judgment under Rule 60(b)." *Id.*

None of the factors above have been shown. Indeed, Med-Care has not appeared or put forth a defense since the class-certification stage. Med-Care never moved to set aside the default judgment; the district court did that sua sponte. *Cf. Van Cannon v. United States*, 890 F.3d 656, 661 (7th Cir. 2018) (noting that Rule 60's revised text of "[o]n motion and just terms" may foreclose the district court's ability to vacate a default judgment sua sponte but leaving the question for another day). Relief from default judgment will be granted only where actions leading to default were not willful, careless, or negligent, also referred to as "excusable neglect." *Johnson v. Gudmundsson*, 35 F.3d 1104, 1117 (7th Cir. 1994). Although we consider this case under the more lenient Rule 55 standard, the defendant must still show good cause under either standard. *O'Brien*, 998 F.2d at 1402 (affirming denial of motions to vacate default and default judgment when defendant failed to demonstrate good cause). Here, there is no evidence of excusable neglect or good cause for Med-Care's default. Med-Care failed to appear after November 2017, has not appeared on

appeal, and offers no explanation for its default. *See id.* (finding no good cause for default where defendant had been served over 17 months before entry of default, failed to appear, and offered no explanation for its default). The good cause requirement has not been met, even under the more lenient Rule 55 standard, when Med-Care has failed to appear or offer any explanation for its default.

We conclude that the district court abused its discretion in vacating its default judgment as to liability for Arwa and against Med-Care. It did not analyze the circumstances under the good cause standard of Rule 55(c). A court abuses its discretion when it fails to consider a motion under the proper legal standard. *See, e.g.*, *Smego v. Payne*, 854 F.3d 387, 391 (7th Cir. 2017) (noting "[a]buse of discretion means a serious error of judgment, such as … use of an incorrect legal standard"); *Jones v. Ill. Cent. R. Co.*, 617 F.3d 843, 850 (6th Cir. 2010) (reviewing denial of Rule 60(b) motion for abuse of discretion for committing "a clear error of judgment, such as applying the incorrect legal standard"). The district court violated this requirement when it issued its April 11, 2019 rulings without considering the applicable Rule 55(c) standard.

It follows that the district court also abused its discretion by not reaching Arwa's motion for default judgment as to damages. When Arwa presented this motion, it sought a final judgment as to Med-Care, including a damages amount. Because the district court did not apply the appropriate standard, Arwa's motion for default judgment as to damages did not receive proper consideration and is subject to the district court's resolution on remand.

### D. The Inconsistency Analysis

On appeal the parties take opposite positions on the district court's conclusion that Med-Care's prescription request forms are not advertisements for purposes of the TCPA. Arwa argues the faxes are advertisements, and Silverman asserts they are not. This question is the primary topic of the briefing on appeal, and federal courts have reached different conclusions on this question based on the facts before them. We need not reach this issue, though. Whether or not the faxes were advertisements under the TCPA, the question before us is whether the district court abused its discretion in finding inconsistent the summary judgment for Silverman and default judgment on liability against Med-Care.

When the district court decided the parties' cross-motions for summary judgment, it granted summary judgment to Silverman and ruled that Med-Care's prescription request forms were not advertisements for purposes of the TCPA. To the district court, this created an inconsistency that required reconciliation. This issue was briefed and addressed in the April 11, 2019 hearing.

At that hearing, the district court reasoned "that when a claim is based on joint or vicarious conduct, no matter how the plaintiff characterizes the suit against defendants, the concern reflected in [*Frow v. De La Vega*, 82 U.S. 552 (1872)] about inconsistent judgments is present and must be considered." But the district court's reliance on *Frow* was misplaced. In that case a plaintiff alleged several defendants conspired to defraud him out of title to land in Texas. 82 U.S. at 552–53. One of the alleged co-conspirators defaulted, resulting in an entry of a "final decree absolute against him, adjudging the title of the land to be [plaintiff's]." *Id.* at 553. The remaining

defendants prevailed at trial, resulting in dismissal of the plaintiff's complaint. *Id.* Frow appealed, focusing on the directly inconsistent judgments. *Id.* at 552–53. The Court held that a "final decree on the merits cannot be made separately against one of several defendants upon a joint charge against all, where the case is still pending as to the others." *Id.* at 554. So *Frow* stands for the proposition that when several defendants are sued jointly and one of them defaults, a default judgment should not be entered until the matter has been resolved for all defendants. *See In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1256–57 (7th Cir. 1980).[3]

This court limited the broad rule of *Frow* in *In re Uranium Antitrust Litigation*, which distinguished between defendants sued jointly, and defendants sued jointly and severally. 617 F.2d at 1257; *see also Douglas v. Metro Rental Servs., Inc.*, 827 F.2d 252, 255 (7th Cir. 1987) (noting *In re Uranium Antitrust Litigation* limited *Frow* to cases where all the defendants were claimed to be jointly, not severally, liable). Defendants sued jointly should not be subjected to inconsistent judgments. Nevertheless, "when different results as to the different parties are not logically inconsistent or contradictory, the rationale for the *Frow* rule is lacking." *In re Uranium Antitrust Litig.*, 617 F.2d at 1257–58. One example of when different results as to different parties is not logically inconsistent is when defendants are sued jointly and severally. *Id.* A second example is when the facts and theories of the case do not require

---

[3] To deal with this problem, nearly a century later Federal Rule of Civil Procedure 54(b) was amended to permit entry of judgment in multiple party litigation to avoid the hardship resulting from delay in waiting until completion of the entire case. *See* FED. R. CIV. P. 54(b) advisory committee's note to 1961 amendment.

uniformity of liability as to different defendants. *See Douglas*, 827 F.2d at 255 (finding different judgments against corporation and its agent were not logically inconsistent). In those examples, the court has discretion to decide whether to enter judgment against fewer than all the defendants under Rule 54(b).

This is not a case of joint liability requiring uniformity of judgment among all defendants. Plaintiffs have alleged joint and several liability, not merely joint liability. So an entry of default judgment against one defendant but not another is not precluded. *See In re Uranium Antitrust Litig.*, 617 F.2d at 1262. This is also not a case of vicarious liability. Arwa did not seek to hold Med-Care vicariously liable for Silverman's violation of the TCPA, or vice versa. Rather, Arwa argued Med-Care and Silverman were both directly and independently liable for TCPA violations.

Although the elements for TCPA liability for Med-Care and Silverman may overlap, the theories of liability for each defendant do not require uniformity of judgments. Med-Care may be liable as a "sender" under 47 C.F.R. § 64.1200(f)(10) as an entity on whose behalf a facsimile unsolicited advertisement was sent or whose goods or services are advertised. Silverman's liability also turns on whether he was a "sender" under the TCPA, but Arwa must show different proof for Silverman to be liable than Med-Care. And Silverman may show he is not liable because he was not a "sender" under the TCPA, but the court may still hold Med-Care liable as a "sender." So judgment against Med-Care would not necessarily be inconsistent with a judgment for Silverman.

Med-Care "by defaulting, admitted its guilt." *Douglas*, 827 F.2d at 255. Med-Care "cannot now take advantage of the

judgment in favor of" Silverman when "exoneration of one defendant of charges of [a TCPA violation] does not compel the finding that no [TCPA violation] occurred." *Id.* Because judgments against these two defendants would not necessarily be inconsistent, the concerns described in *Frow* are not present here.

The district court also mistakenly believed that Arwa sought to "essentially" hold Silverman vicariously liable as an officer of Med-Care, which would require uniformity in judgments. No record evidence suggests Arwa wanted to hold Silverman liable based on vicarious liability. Arwa alleged joint and several liability, which is critically different from vicarious liability when considering the issues the Supreme Court described in *Frow*.

We do not fault the district court for this slip, as this case is procedurally complex. Nevertheless, we cannot uphold a judgment in Med-Care's favor when the good cause factors under Rule 55 were not analyzed, and joint and several liability was conflated with vicarious liability. We cannot find any evidence of good cause when Med-Care has not appeared in this case past the class certification stage and has not put on a defense as to whether the faxes are advertisements. And the district court's ruling that the faxes were not advertisements was not necessary for its holding that Silverman was not liable.

It also gives us pause that while Silverman has put on this defense for Med-Care, there are serious questions as to his standing to do so.[4] Silverman argues that the default judgment for Med-Care implicates him because he weighed in on

---

[4] Silverman recognizes this weakness. Appellee's Br. p. 40 n.10.

Arwa's motion for default judgment as to damages against Med-Care, and Arwa has said it will pursue him personally in the assignment for benefit of creditors case in Florida.

But "[s]tanding to defend on appeal in the place of an original defendant, no less than standing to sue, demands that the litigant possess a direct stake in the outcome." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997) (quoting *Diamond v. Charles*, 476 U.S. 54, 62 (1986)) (internal quotation marks omitted). Silverman's stake has been resolved and cannot be conditioned on relief an opponent seeks from him in another forum. Even more so, Silverman specifically opposed Arwa's request for declaratory judgment against Med-Care. That differs materially from requesting that the district court enter judgment in favor of Med-Care, which is what the district court did here.

"Even if the entry of the default judgment resulted in a judgment inconsistent with the judgment on the merits for [Silverman], the issue is not properly before us," as we do not review the merits of the underlying judgment as to Med-Care or whether the faxes are advertisements. *Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004) (citing *Pfanenstiel Architects, Inc. v. Chouteau Petrol. Co.*, 978 F.2d 430, 433 (8th Cir. 1992)). Because the district court vacated the entry of default judgment as to liability and denied Arwa's motion for renewed default judgment without analyzing the good cause factors of Rule 55(c), and did so based on a misplaced concern of inconsistent judgments, we conclude that the district court abused its discretion in its April 11, 2019 ruling vacating the default judgment as to liability against Med-Care and entering judgment for Med-Care.

### III. Conclusion

Arwa has not provided sufficient evidence to establish Dr. Silverman's personal liability under the TCPA, so we AFFIRM the district court's grant of summary judgment to him.

But the district court failed to apply the correct good cause factors in analyzing the default judgment on liability as to Med-Care, and that judgment is not inconsistent with summary judgment for Silverman. So we REVERSE the district court's vacation of the default judgment on liability against Med-Care and the denial of Arwa's renewed motion for default judgment, and REMAND this case to the district court for further proceedings consistent with this opinion.