NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2020[*]
Decided October 23, 2020

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER., *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-1500

| | |
|---|---|
| BINER MA,<br>*Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 19-cv-3367 |
| CVS PHARMACY, INC., et. al.,<br>*Defendants-Appellees*. | Robert M. Dow, Jr.,<br>*Judge*. |

## O R D E R

After a dispute over a refund at a CVS Pharmacy, Biner Ma filed a race-discrimination charge against the pharmacy with the Illinois Department of Human Rights (IDHR). Ma asserts that, during those proceedings, two agents of CVS misled the IDHR about the identity of the corporate entity responsible for the alleged discrimination. Believing that CVS convinced the IDHR to swap in a "non-existing

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. Rule 34(a)(2)(C).

entity," she then sued CVS for fraud and conspiracy. The district court dismissed the complaint for failure to state a claim and, when Ma failed to amend it within the time allotted, entered final judgment against her. We affirm.

In 2015, Ma attempted to return a $14.00 item, for which she had used a $4.00 coupon, at a CVS store in Chicago. In the dispute that followed over the proper method for the refund, Ma says that the manager called her "ugly Asian" and "ugly woman" and called the police on her. As a result, she filed a race-discrimination charge against "CVS Pharmacy Inc." with the IDHR. Based on the pharmacy's representations about the proper corporate entity to answer the charge, the IDHR investigator tried to persuade Ma to amend her charge and substitute "CVS LLC" as the proper respondent. When Ma refused, the investigator made the substitution anyway. Ultimately, the IDHR dismissed her charge for lack of substantial evidence. But because "CVS LLC" does not exist, Ma believed she could not pursue her discrimination claim in state court, and she did not try.

Ma then brought this suit for fraud and civil conspiracy under Illinois law, and conspiracy in violation of 42 U.S.C. § 1985(3). In her original complaint she named "CVS Pharmacy, Inc." as the defendant and alleged that an attorney for CVS and Randy Hatfield, one of its human-resources managers, conspired to mislead the IDHR about the identity of the proper respondent. According to Ma, they concocted a plan to trick the IDHR into replacing CVS Pharmacy with the nonexistent "CVS LLC." Ma further alleged that they "corrupted" the IDHR investigator to make the party substitution. Ma asserts that their scheme was motivated by racial prejudice and intended to prevent her from pursuing her remedies in state court.

An entity named "Highland Park CVS, L.L.C.," moved to dismiss Ma's complaint for failure to state a claim, asserting that the complaint had improperly named it as CVS Pharmacy. It explained that it was the proper defendant because it operated the store where Ma had clashed with the manager. Before the district court ruled, Ma amended her complaint and added as defendants Hatfield and "CVS Health Corp.," the entity that she believed employed Hatfield. Both promptly moved to join the pending motion to dismiss. Ma later moved for a default judgment against CVS Pharmacy, asserting it had failed to timely respond to her complaint.

At the district court's request, the defendant submitted a memorandum explaining the relationships of the various entities. The defendant clarified that CVS Pharmacy employed Hatfield and was therefore properly named in the amended (but

not the original) complaint, and it requested that the court allow CVS Pharmacy to join the motion to dismiss. But it asked that CVS Health be dropped as a defendant because it was a holding company with no employees and no connection to the case.

After a hearing, the district court renamed the defendants as the pharmacy had requested, denied Ma's motion for a default judgment, and dismissed her complaint against CVS Pharmacy, Highland Park CVS, and Hatfield. It concluded that Ma could not state a claim for fraud because she admitted that she did not rely on any alleged misrepresentation to the IDHR. And her conspiracy claims failed because she did not plead any facts to support the existence of an agreement among the alleged conspirators. The court gave her three weeks to amend her complaint and warned her that failure to do so would result in dismissal with prejudice and final judgment. When Ma failed to do so, it entered final judgment against her.

On appeal, Ma first challenges the district court's substitution of parties. She maintains that CVS is concealing the identities of the entities involved with the IDHR proceeding, and that the district court added Highland Park CVS without considering the effect on diversity jurisdiction or whether it was actually involved in the case. She further argues that the court improperly dismissed CVS Health as a defendant even though, she says, it employed Hatfield.

But we agree with the district court. After taking evidence, it concluded that CVS Health was improperly named and that Highland Park CVS should be included "out of an abundance of caution." It decided to substitute the parties rather than put a pro se plaintiff to the trouble of amending her complaint again. That decision was within its discretion. FED. R. CIV. P. 21; *Teamsters Local Union No. 727 Health & Welfare Fund v. L & R Grp. of Cos.*, 844 F.3d 649, 652 (7th Cir. 2016). In any event, Ma cannot show any prejudice. Based on the affidavit of a CVS corporate representative, the district court found that CVS Health does not employ Hatfield, and Ma lacks competent evidence to the contrary. And Ma may be correct that Highland Park CVS is not a proper party if it did not participate in the administrative proceeding that gave rise to her claims, but the court retained the two parties that did: CVS Pharmacy and Hatfield. Finally, whether adding Highland Park CVS destroyed the diversity of the parties is immaterial. The district court understood Ma's complaint, which alleged liability under § 1985(3), to invoke federal-question and supplemental jurisdiction, *see* 28 U.S.C. §§ 1331, 1343, 1367, and it dismissed the complaint on the merits, not for lack of jurisdiction.

Next, Ma challenges the district court's denial of her motion for a default judgment against CVS Pharmacy. She insists that CVS Pharmacy never filed a timely response to her complaint. *See* FED. R. CIV. P. 55(a). We review the denial of her motion for abuse of discretion. *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 946 (7th Cir. 2020). Here, the entity that believed it was the target of the claims timely filed a responsive pleading. Once it became clear that CVS Pharmacy employed Hatfield and would remain in the case, it moved immediately to join the motion to dismiss. Because the district court granted that request, that motion altered CVS Pharmacy's time to file a responsive pleading. *See* FED. R. CIV. P. 12(a)(4). To the extent there was a technical default at any time, CVS Pharmacy's actions can hardly be considered a willful refusal to litigate, so the district court did not abuse its discretion in denying Ma's motion for a default judgment. *See Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007).

On to the merits. We review de novo the dismissal of a complaint for failure to state a claim, taking all well-pleaded facts as true and drawing all inferences in favor of the non-moving party. *Bator v. Dist. Council 4*, 972 F.3d 924, 928 (7th Cir. 2020).

Ma first contends that the district court erred in dismissing her state-law fraud claim. She insists that, although she did not rely on the defendants' alleged misrepresentations—she never believed "CVS LLC" was the proper respondent—she was injured by the IDHR's reliance. But to state a claim for fraud under Illinois law, Ma had to plead her own reliance on the pharmacy's purported misrepresentations. *Squires-Cannon v. Forest Pres. Dist. of Cook Cty.*, 897 F.3d 797, 805 (7th Cir. 2018) (elements of Illinois fraud claim include "plaintiff's reliance upon the truth of the statement"). That the IDHR may have accepted the alleged falsehood does not mean that Ma was defrauded. Her admission that she did not rely dooms her claim.

Next, Ma challenges the dismissal of her claim for civil conspiracy. She argues that the district court overlooked her explicit and implicit allegations of an agreement between CVS's agents and the IDHR investigator to substitute a nonexistent corporate entity without Ma's consent. In particular, she contends that her allegation that CVS's agents "corrupted" the investigator was sufficient to plead an agreement among them.

The district court correctly concluded that Ma's allegations fell short. A civil conspiracy under Illinois law involves "an agreement between two or more persons for the purpose of accomplishing either an unlawful purpose or a lawful purpose by unlawful means," as well as a tortious act in furtherance of the agreement. *Turner v.*

*Hirschbach Motor Lines*, 854 F.3d 926, 930 (7th Cir. 2017). Under Illinois' intra-corporate conspiracy doctrine, a conspiracy cannot exist between CVS's own agents, so Ma needed to plead that they schemed with a third party who shared a common goal. *Buckner v. Atl. Plant Maint., Inc.*, 694 N.E.2d 565, 571 (Ill. 1998). From Ma's complaint, generously construed, we can glean an allegation that the CVS agents convinced the IDHR investigator to substitute a fictional entity as the respondent to the discrimination charge. But without any detail to flesh out this conclusory assertion, it lacks plausibility; Ma provides no basis for inferring that the investigator agreed, explicitly or implicitly, with the CVS agents to abandon her role and aid their alleged fraud. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007); *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 939 (7th Cir. 2012). Further, the complaint lacks any suggestion that the IDHR investigator shared in a common purpose with CVS to obstruct her rights. *McClure v. Owens Corning Fiberglas Corp.*, 720 N.E.2d 242, 258 (Ill. 1999).

Finally, Ma challenges the district court's dismissal of her claim under § 1985(3). But she failed to adequately plead the existence of an agreement to deprive her of a federally protected right. As we have explained, she did not plausibly allege any conspiracy, as required to state a § 1985(3) claim. *See Kowalski v. Boliker*, 893 F.3d 987, 1001 (7th Cir. 2018) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971)). The complaint also lacks allegations permitting an inference that the alleged conspirators had a racial or other class-based motive for substituting the respondent. *Id.* Ma asserted that racial animus motivated the conspiracy, but, as support, she pointed only to the incident at the store that led to her filing the charge. That incident is not at issue here and does not lend plausibility to the conspiracy claim.

We have considered Ma's remaining arguments, and none has merit.

AFFIRMED